GLADNEY, Judge.
This is a suit by a paving contractor, E. Percy Frasier, against Benco, Inc., and Talon Construction Company, the principal defendants, to recover the sum of $10,923.-20, plus attorney’s fees, for labor and material furnished in connection with the paving and resurfacing of damaged portions of certain streets in the City of Min-den. Also named defendants are Seaboard Surety Company and the City of Minden. Following a trial of the case, judgment was rendered in favor of' plaintiff and the defendants have prosecuted-this appeal.
*214 Tile case is purely factual and arises from a construction project undertaken by the City of Minden through a contract let by it to Benco, Inc. on October 19, 1959. The work pertained to the installation of water distribution pipes and connections, and involved, inter alia, the excavation of ditches, the laying of pipes of various sizes, the refilling of the trenches, and the replacement of the concrete or asphalt pavement removed or damaged by reason of such operations. Benco, Inc., the prime or general contractor, subcontracted the entire project to its subsidiary company, Talon Construction Company. The latter, in turn, entered into a contract with Frasier, to restore the street paving after pipes were laid and trenches substantially refilled. The contract was verbal, but confirmed by a work order which in part directed the plaintiff to:
“Furnish all plant, labor & materials required for a complete installation of the following in strict accordance with plans and specifications and as directed by the Engineers for Water Treatment & Distribution Facilities, Project #59-'3, Municipal Improvement Program, Minden, La.
“APPRX. 6000 Square Yards Price Asphalt Street Repair 2.25
APPRX. 270 Cubic Yards Concrete Pavement 18.90”
The latter agreement was executed and plaintiff paid the sum of $17,380.15. In fulfillment of his contract Frasier repaired 8652.27 square yards of asphalt work, together with a certain amount of concrete repairs. The concrete work is not in dispute and appellants raise no issue as to the approximation of the yardage in the above work order, as those figures were regarded as estimates only. The defendants agree that under the master contract between the City of Minden and Benco, Inc., payment by the City of Minden for resurfacing of the damaged pavement would be made only on the basis of a width of two feet plus the diameter of the particular pipe laid, but that the contract did, in fact, require the prime contractor to 'restore at its expense the streets to their former condition.
The parties are also in accord that 14,700 lineal feet of ditch excavated on the streets were resurfaced with asphalt. The bone of contention between the parties, however, is whether Frasier should be paid for re-asphalting of the damaged areas beyond the width of two feet plus the width of the diameter of the pipe in place.
On this appeal appellants strongly urge that appellee was specifically instructed to confine his operations to the ditches; that in laying asphalt beyond the width of the ditches he was performing work in contravention to repeated instructions to the contrary; that in laying the asphalt appel-lee covered larger areas than defendants, Benco and Talon, were obligated by the contract to cover; and that in laying the asphalt beyond the ditch area, Frasier is entitled under a quantum meruit basis only to a fair market value for his services.
After observing that the testimony relative to the quantity of work to be performed by appellee was in hopeless conflict, the learned trial judge in assigned written reasons, made the following comments, which meet with our approval:
“The amount of work done was measured by one, Wayne Williamson, a local Civil Engineer, but Benco, the defendant, refused to pay for it, primarily on the contention that the plaintiff had done unauthorized work, and far exceeded his instructions. The first work was done on Park Highway, and resulted in ditch work which the engineers for the City advised they would not accept, and suggested that in the future the entire damaged area ‘both inside and outside the ditch proper’ must be re-paved as a single operation.” * * * “Mr. E. Henry Lowe, Jr., City Engineer, with Demopulis & Ferguson were the Engineers in charge of the work for the City, and Mr. Lowe testified that he refused to accept Park Highway as originally done. The excavating for the pipe was done by a ‘back *215 hoe’ machine, which has two outrigger legs, and the testimony is in agreement that in some cases these outrigger legs broke through the old pavement, and the testimony is convincing that the City Engineers and the Consulting Engineers refused to accept the method first used on Park Highway.” * * * “The defendants stated that they advised Frasier that he was doing unauthorized and unnecessary work, but this advice was done orally. It appears to the Court that it would have been a simple matter to have advised Frasier to desist in his method of operation by means of a letter, and they certainly could have obtained an immediate injunction.
“They, or their representatives, were on the job every day seeing every move that Frasier made and it seems incredible, if their version is correct, that they would not have relieved him of his contract, or put themselves on record in some manner. As further evidence when the job had been almost completed, the Engineers in charge submitted a list of objections called a 'gig-sheet’ which had repairs lying outside the ■ditch area, and the defendants turned over this list to Frasier and directed him to do ■some of these repairs.
“The defendants excuse their inaction by their suggestion that since Frasier was a member of the City Council, they hesitated to fire him or to stop him, but the Court is unable to believe that the Town Council would lend itself to anything of this charge.”
In appellants’ argument as presented upon appeal, as we understand it, there is no serious contention that plaintiff did not perform the work as done by him, but their contention is simply that plaintiff acted contrary to their repeated instructions to confine his operations to the width of the ditches for which they could anticipate payment from the City in their master contract. In our opinion, this issue was properly disposed of by the judge a quo.
The uncontroverted testimony clearly shows that the operator of the machine caused the asphalt surface to be broken out, and torn out, rather than cut out, and caused holes or depressions to be created in the pavement at the places where the outriggers rested upon the pavement. Following the surfacing of Park Highway by the plaintiff, there remained portions of said street which were not fully repaired. Officials of the Talon Construction Company testified that they anticipated doing this work separately and at a cheaper unit price than as stipulated in the master contract and in the contract between Talon and Frasier. However, the consulting engineers on the job, together with the City Engineer, declined to accept such work as Talon contemplated for Park Highway, and the engineers insisted that all damage must be covered with one application, or in one treatment so that it would blend in and put the street back in as near the same condition as they found it. An examination of the specifications discloses this requirement and that the prime contractor was required to completely repair such damage to the streets. The representatives of appellants agree that it was their responsibility to properly resurface the entire damage done to the streets during its operations. Their resistance to payment therefor is wholly inconsistent with their contractual obligations with plaintiff in that Frasier’s work to be performed was obliged to be consistent with the plans and specifications of the project and as directed by the engineers.
Although appellants question the allowance of attorney’s fees, we find no error in this respect. LSA-R.S. 38:2244.
It is our understanding of the record that the work performed by Frasier was consistent with the master contract and the contractual agreement between Frasier and Talon Construction Company. The engineer certified that no unnecessary work was performed, and, therefore, we are impelled to the conclusion that no error is manifest in the judgment from which appealed, and accordingly, it is affirmed at appellants’ cost.